

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

RODNEY MICHAEL COLLIER and
SARAH ELIZABETH COLLIER

versus

CITY OF BOSSIER CITY, ET AL.

CIVIL ACTION NO. 05-0795
JUDGE TOM STAGG

# MEMORANDUM RULING

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Bossier City police officer Michael S. Szempruch ("Officer Szempruch"), and a motion to amend the complaint, filed by the plaintiffs, Rodney Michael Collier ("Mr. Collier") and Sarah Elizabeth Collier (collectively referred to hereinafter as "The Colliers"). See Record Documents 26 and 46, respectively. Magistrate Judge Mark Hornsby issued a Report and Recommendation (Record Document 66) finding that both motions should be granted, and the plaintiffs filed objections to the portion granting Officer Szempruch's motion to dismiss. Having conducted a de novo review of those portions of the Report and Recommendation to which objections were made, as required by 28 U.S.C. § 636(b)(1), the court hereby

adopts the Report and Recommendation in part, with the following modifications, for the reasons that follow.

The court adopts the Report and Recommendation of the Magistrate Judge in all respects except for the finding that the Louisiana state law claim for Intentional Infliction of Emotional Distress ("IIED") should be dismissed.

In White v. Monsanto, 585 So.2d 1205, 1209 (La. 1991), the Louisiana Supreme Court outlined the requirements to recover for IIED:

> A plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.
>
> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. . .
>
> The extreme and outrageous conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests.

2

A complaint should survive scrutiny under Rule 12(b)(6) unless it "appears beyond doubt that the plaintiff[s] can prove *no set of facts* in support of [their] claim which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 102 (1957) (emphasis added). For the purposes of this motion, the plaintiffs' factual allegations must be taken as true and construed in a light most favorable to them. See Green v. State Bar of Tex., 27 F.3d 1083, 1086 (5th Cir. 1994); and Rathborne v. Rathborne, 683 F.2d 914, 917 n.8 (5th Cir. 1982).

The Colliers allege in their amended complaint that upon arriving to the scene of Mr. Collier's arrest, Officer Szempruch was told that Mr. Collier was a heart patient who was having chest pains and that EMS had been called. The Colliers claim that in spite of this warning, Officer Szempruch then walked to the rear seat of the patrol car where Mr. Collier was seated and handcuffed, physically entered the rear seat area of the car, and proceeded to "verbally assault, threaten, intimidate, chide and harass" Mr. Collier, "accusing [him] of attacking 'a brother officer' and telling him that the police officers (Officer Harris and Officer Szempruch) would show [him] just how much of a 'tough guy' he really is." Record Document 46, Second Amended Complaint, p. 2. The Colliers allege that Officer Szempruch said to Mr. Collier, "I will show you what bad really is," and "I will drag your ass out of this patrol car and will stomp your ass

3

on this asphalt." Id. Officer Szempruch then left to talk to the other officer, the Colliers assert, before returning to the rear of the car and again placing his torso in the car and continuing to make threatening comments to Mr. Collier. The Colliers claim that this placed Mr. Collier "in fear for his life; believing he would be severely beaten; possibly killed and end up in the Red River." Id. at 3.

In the Report and Recommendation, the Magistrate Judge found that the IIED claim should be dismissed because Officer Szempruch's alleged behavior did not "rise to the level of 'extreme and outrageous'" as required. Record Document 66. The Report and Recommendation also found that the statements Officer Szempruch is alleged to have made did not meet the requirement of being "so extreme or outrageous as to go beyond all possible bounds of decency and to be regarded as utterly intolerable in a civilized community." Id.

The court disagrees, holding that the facts alleged, if taken as true, establish an IIED claim against Szempruch, and that the motion to dismiss the IIED claim must therefore be denied. The court finds that if the facts alleged by the Colliers are determined to be true, Officer Szempruch's behavior did rise to the level of "extreme and outrageous," as necessary to state a claim for IIED under Louisiana law.

Mr. Collier was handcuffed and in the back of a police car, unable to escape or

4

protect himself in any way from the violence Officer Szempruch was threatening to inflict upon him. Officer Szempruch entered the rear of the car where Mr. Collier was seated and proceeded to yell at Mr. Collier, saying that he was going to inflict serious injury on Mr. Collier. These alleged actions are even more "extreme and outrageous" because Officer Szempruch had been told that Mr. Collier was having chest pains and that EMS had been called. Officer Szempruch should have known that any stress caused by his threats could aggravate the heart problems Mr. Collier claimed to be experiencing. Furthermore, Officer Szempruch had actual authority over Mr. Collier, and the alleged actions would be an abuse of his power, further bolstering this court's holding that such alleged conduct, if true, was "extreme and outrageous."

The court finds that the facts alleged by the Colliers also support a determination that the other two elements of an IIED claim are met. The Colliers have alleged severe emotional distress that could have been caused by Officer Szempruch's extreme and outrageous conduct, and the facts alleged also support a finding that Officer Szempruch's intention was to cause such emotional distress. Accordingly;

5

**IT IS ORDERED** that the motion to dismiss filed by Officer Szempruch (Record Document 26) be and is hereby **DENIED** as to the Colliers' IIED claim.[1]

**IT IS FURTHER ORDERED** that the Report and Recommendation (Record Document 66) be adopted as to all other claims against Officer Szempruch and the motion to dismiss filed by Officer Szempruch (Record Document 26) is hereby **GRANTED** as to such claims.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Record Document 66) be adopted as to the Colliers' motion to amend the complaint (Record Document 46) and that the motion is hereby **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 6th day of March, 2007.



JUDGE TOM STAGG

---

[1] Under 28 U.S.C. § 1367, a federal court has supplemental jurisdiction to hear a non-federal case when it arises out of the same "case or controversy" and shares a "common nucleus of operative fact" as a pending federal claim against another defendant. Therefore, it is not necessary that the court remand to state court the remaining state law claims against Officer Szempruch.