

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RODNEY MICHAEL COLLIER, ET AL. | CIVIL ACTION NO. 05-0795 |
| VERSUS | JUDGE DONALD E. WALTER |
| CITY OF BOSSIER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Doc. #115] filed on behalf of defendant, Michael S. Szempruch, pursuant to Federal Rule of Civil Procedure 56.[1] Opposition to this motion has been filed. For the reasons assigned herein, defendant's Motion for Summary Judgment is **GRANTED** and plaintiffs' claims are **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiffs, Rodney Michael Collier and Sara Elizabeth Collier ("Plaintiffs), filed a complaint against the City of Bossier, Louisiana, Bossier City police officers in their individual and official capacities (including Chief Mike Halphen, Rodney Harris, Michael S. Szempruch, Perry Gregg Montomery and Glenn Paul Sproles) and the insurance company for the City of

---

[1] Also before this Court is Plaintiffs' Motion to Strike Affidavit [Doc. #121] wherein Plaintiffs assert that the affidavit of George Armbruster, offered in support of this Motion for Summary Judgment [Doc. #115} and also the Motion for Summary Judgment filed by other defendants in this case [Doc. #116], was "not made on personal knowledge as required by law, but on pure hearsay." Plaintiffs' Motion to Strike [Doc. #121] is **GRANTED** to the extent that the Court considered only competent summary judgment evidence in reaching its decision with regard to defendants Motions for Summary Judgment.

Bossier. The lawsuit arises out of traffic stop in Bossier City. Plaintiffs allege various causes of action against the defendants under both 42 U.S.C. §1983 and State law.

The facts indicate that on May 13, 2004, Harris, a Bossier City policeman, stopped plaintiff Rodney Michael Collier for an alleged seatbelt violation. This stop was videotaped and recorded by Harris' camera in his patrol car. Plaintiff told Harris that he was wearing his lap belt. Harris then demanded that Plaintiff produce his driver's license, registration and insurance card. Original Complaint, ¶22-23. While Harris was writing the ticket for the seatbelt violation, he began to tell the Plaintiff about the court date for the violation. Plaintiff used an expletive and told Harris to just let him sign the ticket because he was late for an appointment and had to go. ¶25. Harris then took the paper and pen and threw them on the hood of the car, telling Plaintiff he was going to jail. ¶26. Plaintiff was then thrown on the hood of the patrol car and was eventually handcuffed and placed in the patrol car by Harris. ¶27-30. Harris called for a supervisor and Emergency Medical Services ("EMS") because Plaintiff was complaining of chest pains; further he indicated there had been a fight. ¶31.

Defendant Szempruch was one of the first officers to arrive on the scene. Plaintiff had already been placed in the back of the patrol car. ¶33. When Szempruch first arrived on the scene and asked Harris how he was, Szempruch responded, "[Expletive] him [plaintiff]. I don't give a [expletive] about him, I'm worried about you." Szempruch then stated, "I know you're strong, and you can handle a lot, but God dang, aint' nobody going to fight a brother off." Szempruch then went to the car to speak to the Plaintiff asking him "What's your problem?" and "You going to fight the police?" Exhibit B, Transcript of Patrol Car, page 001128, Szempruch Motion for Summary Judgment. Plaintiffs also state in their Memorandum in Opposition to the

2

Motion that other inaudible comments were made by Szempruch to Plaintiff.

In the course of this case, a Motion to Dismiss (Doc. 26) was filed by Szempruch. Judge Tom Stagg adopted the Report and Recommendation of the Magistrate Judge dismissing all claims against Szempruch except for the Louisiana state law claim for Intentional Infliction of Emotional Distress ("IIED"). Szempruch filed the instant Motion for Summary Judgment contending that Plaintiffs' claim of IIED does not, as a matter of law, meet the Louisiana Supreme Court's standard to establish a claim for IIED and therefore should be dismissed as a matter of law.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## **LAW AND ANALYSIS**

For a claim of intentional infliction of emotional distress, a plaintiff must establish, under Louisiana law: (1) that the conduct of defendant was extreme and outrageous; (2) that the

emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain to result from his conduct. White v. Monsanto, 585 So.2d 1205 (La. 1991). White stated that "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." White, 585 So. 2d at 1209. "Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind." Id., at 1209. "The defendant's knowledge that plaintiff is particularly susceptible to emotional distress is a factor to be considered. But, the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough." Id., 1210.

Plaintiffs contend that Szempruch's conduct resulted in the intentional infliction of emotional distress on Plaintiff Rodney Collier. Plaintiffs contend that Szempruch had no business talking to Plaintiff and that Officer Harris did not ask him to intervene. Plaintiffs contend that Officer Szempruch knew, before approaching Plaintiff, that Plaintiff was a heart patient and knew that his "tirade" would cause emotional distress on Plaintiff. Plaintiffs contend that Szempruch put his "torso" into the car to "harass" Plaintiff and that Szempruch had threatened to "stomp" Plaintiff. Plaintiffs also contend that there was no other reason to approach Plaintiff "other than to intimidate, threaten, or harass, etc."

The factual allegations asserted against Szempruch do not rise to the first requirement of White that the conduct of the defendant must be "extreme and outrageous" even if the Plaintiffs' testimony is taken as true. Szempruch's brief conduct with Plaintiff was certainly unprofessional and rude. However, it was not so outrageous as to deny a Motion for summary Judgment.

Accordingly, Defendant's Motion for Summary Judgment [Doc. #115] is **GRANTED**, and all claims against Szempruch are dismissed.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE